# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN MAY, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. CIV-14-418-M |
| D.O.C. DIRECTOR PATTON et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff John May, a state prisoner appearing pro se, brings this action under 42 U.S.C. § 1983. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). The matter is now before the court on a second motion to intervene (Doc. No. 8) filed by Robert E. Cotner, a state prisoner previously incarcerated at the same facility as Mr. May.

## BACKGROUND

Mr. Cotner previously filed a motion to intervene, asserting simply that he was intervening in this action "under penalties of p[e]rjury, and at great risk of serious physical injury and death." *See* First Mot. to Intervene, Doc. No. 6. Chief Judge Miles-LaGrange denied the motion upon recommendation by the undersigned Magistrate Judge. *See* Order, Doc. No. 13.

In the instant motion, Mr. Cotner incorporates by reference his prior motion and now further alleges that he "has similar claims as Mr. May" and that "those claims have

been confessed true in state courts." Second Mot. to Intervene, Doc. No. 8 (capitalization altered and emphasis omitted). Mr. Cotner asserts that he "has proven [that] state-wide over-crowding, has placed him, (and 1,000's of others) in immin[ent] danger of serious physical injury, and death," based on nondescript statewide medical service inadequacies, policy violations, and "refusal[s]" to comply with state and federal laws. *See id.* (capitalization altered and emphasis omitted). Mr. Cotner also incorporates by reference "all grounds raised by Mr. May in his Complaint," *see id.*, although Mr. Cotner's circumstances are not specifically described in Mr. May's Complaint, *see* Compl., Doc. No. 1. As with his prior motion to intervene, Mr. Cotner also requests that the Court "declare this case a class action, and appoint counsel for the class." *See* Second Mot. to Intervene (capitalization altered and emphasis omitted).

ANALYSIS

The right to intervene is limited, and a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *See* Fed. R. Civ. P. 24(c).[1] Mr. Cotner's statement that he "has similar claims as Mr. May" indicates that Mr. Cotner specifically seeks permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B), which may—in the Court's discretion—be granted to one who "has a claim or defense that shares with the

---

[1] A prospective intervenor need not independently establish Article III standing to intervene in another's cause of action, as long as another party on the same side as the prospective intervenor has established such standing. *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1171-72 (10th Cir. 2007). For the limited purpose of addressing Mr. Cotner's second motion to intervene, the undersigned assumes without deciding that Plaintiff has standing in this civil action.

main action a common question of law or fact." However, given Mr. Cotner's vague claims and allegations in this matter, the undersigned recommends that the Court exercise its discretion to deny Mr. Cotner's request to intervene in this matter. Based on the recommendation that Mr. Cotner not be permitted to join as a party to this civil action, the undersigned further recommends that Mr. Cotner's other requests—for class certification and appointment of class counsel—be denied.[2]

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Mr. Cotner's second motion to intervene (Doc. No. 8) be DENIED.[3]

## NOTICE OF RIGHT TO OBJECT

The undersigned assumes without deciding that Mr. Cotner would have standing to object to the Report and Recommendation insofar as the recommended denial of his motion to intervene. *But see* 28 U.S.C. § 636(b)(1) (permitting a "party" to file written

---

[2] The undersigned notes that in his attempt to intervene in this civil action, Mr. Cotner may be attempting to circumvent filing restrictions imposed upon by this Court and pursuant to federal law. *See, e.g.*, *Cotner v. Miles-LaGrange*, No. CIV-14-269-HE (May 12, 2014) (order dismissing action and noting Mr. Cotner's filing restrictions in this Court and other federal and state courts).

[3] The case law is unsettled as to whether a magistrate judge is authorized under 28 U.S.C. § 636 to independently deny a motion to intervene. *Compare Stackhouse v. McKnight*, 168 F. App'x 464, 466-67 (2d Cir. 2006) (holding magistrate judge lacked authority to deny motion to intervene), *with WFK & Assocs., LLC v. Tangipahoa Parish*, No. 06-6684, 2007 WL 1537633, at *1-2 (E.D. La. May 23, 2007) (reviewing magistrate judge's denial of motion to intervene as non-case-dispositive matter). *See also Pub. Serv. Co. of Colo. v. Bd. of Cnty. Comm'r of San Miguel Cnty.*, No. 04-CV-01828 REB CBS, 2005 WL 2293650, at *2-3 (D. Colo. Sept. 19, 2005) (suggesting case-by-case determination as to whether motion to intervene is dispositive).

objections to the recommendation of a magistrate judge on a referred civil pretrial matter); Fed. R. Civ. P. 72(a), (b)(2) (same). If Mr. Cotner or any party wishes to object to the Report and Recommendation, such person must file a written objection with the Clerk of this Court by **March 20, 2015**, absent which he or she may be found to have waived any right to review of the factual and legal matters set forth in the Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of Court is directed to send a copy of this Report and Recommendation to Plaintiff, as well as to Mr. Cotner at the address stated in his Motion—i.e., Joseph Harp Correctional Center, J-B-141-C, P.O. Box 548, Lexington, Oklahoma 73051.

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 2nd day of March, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE