# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN MAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-418-M |
| | ) | |
| D.O.C. DIRECTOR PATTON et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case comes before the Court on the motions to intervene filed by Gary L. Simpson (Doc. No. 21), J.R. Jones (Doc. No. 22), Loyd Kennedy (Doc. No. 23), Dennis Martin (Doc. No. 24), and Albert McElhaney (Doc. No. 25) (collectively, "Movants"), who are state prisoners appearing pro se. Movants seek to intervene in this 42 U.S.C. § 1983 action, which was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b).

## BACKGROUND

Through substantially similar motions, Movants each state that they, like Plaintiff John May, are disabled and that they assert claims similar to those of Mr. May. Movants seek to intervene in this matter and that it be certified as a class action. *See* Doc. Nos. 21, 22, 23, 24, and 25. Movants broadly assert that "State Courts have suspended Habeas Corpus and Due Process"; "State Courts refuse to comply with their own Rules, State Statutes, Constitution, 10th Cir. Fed. Court and S. Ct. Rulings"; "because" of Movants' disabilities, Defendants "exclude" them "from access to the Courts, a law library, and

legal help," as well as "needed medical services[] and supplies," "consideration for parole or commutation," "[benefits] offered others," and "a proper diet." *E.g.*, Mot. to Intervene of Gary L. Simpson, Doc. No. 21, at 1 (emphasis omitted) (capitalization altered); *see also* Doc. Nos. 22, 23, 24, and 25. Movants further assert that Defendants' "state wide prisons overcrowding, and random celling problems" place them "in [imminent] danger of serious physical injury, shortened life span, and . . . great risk of death." *E.g.*, Mot. to Intervene of Gary L. Simpson at 1-2 (emphasis omitted) (capitalization altered); *see also* Doc. Nos. 22, 23, 24, and 25. Movants also assert that Defendants "refuse to administer" their respective sentences "as specified in the sentencing order" and allege that Defendants' grievance process is "meaningless" and denies them due process. *E.g.*, Mot. to Intervene of Gary L. Simpson at 2 (emphasis omitted); *see also* Doc. Nos. 22, 23, 24, and 25.

## ANALYSIS

The right to intervene is limited, and a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *See* Fed. R. Civ. P. 24(c). Movants' allegations reflect that they seek permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B), which may—in the Court's discretion—be granted to one who "has a claim or defense that shares with the main action a common question of law or fact." However, given the broad claims and allegations described by Movants, and because the success of any such claim would depend upon proof of individual facts and circumstances for each particular Movant, the undersigned finds that Movants have not satisfied Rule 24(b)(1)(B) and

recommends that the Court deny Movants' motions to intervene in this matter. In light of this recommendation, the undersigned further recommends that Movants' requests for class certification be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the motions to intervene filed by Gary L. Simpson (Doc. No. 21), J.R. Jones (Doc. No. 22), Loyd Kennedy (Doc. No. 23), Dennis Martin (Doc. No. 24), and Albert McElhaney (Doc. No. 25) be DENIED.[1]

## NOTICE OF RIGHT TO OBJECT

The undersigned assumes without deciding that Movants Gary L. Simpson, J.R. Jones, Loyd Kennedy, Dennis Martin, and Albert McElhaney would have standing to object to this Report and Recommendation insofar as the recommended denial of their motions to intervene. *But see* 28 U.S.C. § 636(b)(1) (permitting a "party" to file written objections to the recommendation of a magistrate judge on a referred civil pretrial matter); Fed. R. Civ. P. 72(a), (b)(2) (same). If any Movant or other party wishes to object to the Report and Recommendation, such person must file a written objection with

---

[1] The case law is unsettled as to whether a magistrate judge is authorized under 28 U.S.C. § 636 to independently deny a motion to intervene. *Compare Stackhouse v. McKnight*, 168 F. App'x 464, 466-67 (2d Cir. 2006) (holding magistrate judge lacked authority to deny motion to intervene), *with WFK & Assocs., LLC v. Tangipahoa Parish*, No. 06-6684, 2007 WL 1537633, at *1-2 (E.D. La. May 23, 2007) (reviewing magistrate judge's denial of motion to intervene as non-case-dispositive matter). *See also Pub. Serv. Co. of Colo. v. Bd. of Cnty. Comm'r of San Miguel Cnty.*, No. 04-CV-01828 REB CBS, 2005 WL 2293650, at *2-3 (D. Colo. Sept. 19, 2005) (suggesting case-by-case determination as to whether motion to intervene is dispositive).

the Clerk of this Court by May 19, 2015, absent which he or she may be found to have waived any right to review of the factual and legal matters set forth in the Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court Clerk is directed to send a copy of this Report and Recommendation to Plaintiff, as well as to Movants at their respective addresses as stated in their motions to intervene.

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 28th day of April, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE